IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JUANITA ROBERTS o/b/o J.W., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:16-CV-12 MSH |
| : | Social Security Appeal |
| CAROLYN W. COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's[1] application for Supplemental Security Income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff, filing suit on Claimant's behalf, contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

---

[1] The Court refers to Juanita Roberts as Plaintiff and to the minor child, J.W., as Claimant.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner.[2] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

---

[2] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).  Therefore, eligibility depends upon the presence of "marked and severe functional limitations."  A sequential evaluation process is used to determine if the child meets the statutory definition of disability.  20 C.F.R. § 416.924 *et seq*.  Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity.  If so, then the claim is denied.  Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments, defined as more than a slight abnormality and causing more than minimal functional limitations.  If not, then the claim is denied.

Step three requires the ALJ to decide whether the impairment is medically or functionally equivalent to impairments described in the listings of the regulations.  To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations.  20 C.F.R. § 416.926a(a).  A limitation is "marked" when the child's impairment or impairments

3

seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i).  When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean."  *Id*.  An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean."  *Id*. § 416.926a(e)(3)(I).

## ISSUES

I. **Whether substantial evidence supports the ALJ's findings regarding J.W.'s limitations in the three domains of functioning.**

II. **Whether the ALJ erred in evaluating certain medical and non-medical opinions.**

### Administrative Proceedings

Plaintiff Juanita Roberts filed an application for supplemental security income benefits (SSI) for her minor daughter on May 8, 2012.  She alleged that Claimant became disabled on April 16, 2010.  Her application was denied initially on September 27, 2012 and denied on reconsideration on January 25, 2013.  Plaintiff requested an evidentiary hearing before an administrative law judge (ALJ) on March 13, 2013 and the hearing was held on May 22, 2014.  An attorney represented Plaintiff at the hearing.  Tr. 18.  The ALJ rendered an unfavorable decision denying the application on June 25, 2014.  Tr. 15-32.  Next, Plaintiff made an informal request for review of the ALJ's decision on July 10, 2014 but was denied by the Appeals Council on December 4, 2014.  Tr. 12-13. 1-4.  Having exhausted the administrative remedies available to her under the Social Security

Act, Plaintiff brings this action seeking judicial review of the final decision by the Commissioner to deny SSI benefits to her minor daughter. The case is ripe for review.

## Statement of Facts and Evidence

When the ALJ decided that Claimant was not disabled under the Social Security Act, she was eight years old. Plaintiff asserted in the application for benefits that Claimant has attention deficit hyperactivity disorder (ADHD) and auditory processing impairment. Tr. 140, 178. The ALJ found her to have ADHD as well as a language and speech disorder and also to have a learning disorder and organic brain syndrome. Tr. 21. However, the ALJ further determined that her impairments either alone or considered in combination did not meet or medically equal the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1. Because the ALJ found her to have no extreme limitations in any domain of functioning and no marked limitations in any two domains, he found Claimant to be not disabled. Tr. 21-31.

## DISCUSSION

In her brief before the Court, Plaintiff first argues that the ALJ erred by not providing sufficient detail to support his findings that Claimant has either no limitations or less than marked limitations in the six domains of functioning. Second, she asserts that the ALJ did not specify or explain the weight given to opinion evidence from Claimant's teachers and examining psychologists. The Commissioner responds that substantial evidence supports the ALJ's finding that Claimant has less than marked limitations in three domains of functioning and no limitations in the other three and that the ALJ properly evaluated both medical as well as non-medical opinions. Any error in the ALJ's

5

evaluation of the opinion evidence is, according to the Commissioner, harmless. The Court addresses Plaintiff's contentions in the order in which she raised them.

I.  **Are the ALJ's findings regarding J.W.'s limitations in the three domains of functioning supported by substantial evidence?**

Plaintiff first argues that the ALJ did not provide sufficient detail to permit meaningful administrative or judicial review of his findings regarding functional equivalence. Pl.'s Br. 1. A review of the written opinion shows, however, that the ALJ correctly laid out the applicable legal principles to be applied in childhood disability cases. The ALJ discussed all record evidence giving consideration to the diagnosis of the treating physician, Dr. Diane Dunston, in making his findings about the presence of severe impairments. Tr. 24. He thoroughly recounted and discussed consultative examinations by Michael Shapiro, PhD. and John Grace, Psy.D., and included in his step-two findings their diagnoses of ADHD and learning disorder as severe impairments. Tr. 21, 24. School records were reviewed by the ALJ including the results of a psychoeducational evaluation of Claimant by Joseph Tiller, Ph.D. done on April 22, 2014. From these sources, the ALJ concluded that Claimant is capable of age-appropriate academic achievement. Tr. 26. Although these records establish that Claimant has some difficulties with speech and language skills as well as mathematics, the record as a whole supports the ALJ's conclusions. *Coleman, ex rel. J.K.C. v. Comm'r of Soc. Sec.,* 454 F. App'x 751 (11th Cir. 2011). The ALJ's findings are well developed and his determination that less than marked limitations are present is supported by

substantial evidence.  *Bryant v. Soc. Sec. Admin.* 478 F. App'x 644 (11th Cir. 2012).  Plaintiff's first contended error has no merit.

## II.     Did the ALJ err in evaluating certain medical and non-medical opinions?

In her second assertion of error, Plaintiff claims that the ALJ did not specify or adequately explain the weight given to the opinions of Claimant's teachers and psychologists.  Pl.'s Br. 15.  Plaintiff does not, however, assign error to the manner in which the ALJ addressed the opinion evidence of the treating physician, Dr. Dunston.  She contends that the ALJ failed to state with particularity the weight he assigned to the opinions of a teacher, Ms. Steedman, the educational professionals who promulgated Claimant's Individualized Educational Program and psychologists Dr. Joseph Tiller and Dr. Michael Shapiro.  Pl.'s Br. 16-18.

The ALJ assigned what he described as "appropriate weight" to the opinions of each source in the record.  While "appropriate" is a conclusory term and not as specific as the more commonly used characterizations of evidentiary weight, Plaintiff does not show that Claimant has greater limitations than those found by the ALJ after considering all record evidence.  Because substantial evidence supports the ALJ's conclusions that Claimant has no impairments which alone or in combination result in limitations of sufficient severity to meet the listings, the ALJ's failure to use more explicit or descriptive terms to identify the weight he assigned to the contested opinions is not error warranting remand.  *Turbeville v. Astrue,* 316 F. App'x 891 (11th Cir. 2009). Plaintiff's second enumerated error is without merit.

7

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 31st day of January, 2017.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE
